## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**BARBARA J. BROWN-SUMMERS**                           **PLAINTIFF**

**v.**                                     **CIVIL NO. 3:21-cv-00699-DPJ-BWR**

**SOCIAL SECURITY**                                 **DEFENDANT**
**ADMINISTRATION**
*Kilolo Kijakazi, Commissioner*

## REPORT AND RECOMMENDATION

Plaintiff Barbara J. Brown-Summers, proceeding *pro se,* brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3). Having reviewed Plaintiff's Memoranda [10] [12] and attachments, the Commissioner's Brief [11], the record [6], and relevant law, it is recommended that the decision of the Commissioner be affirmed. Plaintiff does not attempt to show that the Commissioner's decision is unsupported by substantial evidence or that the Commissioner used improper legal standards. She instead asks the Court to consider medical information that was not incorporated into the administrative record. The Court's review is limited to the administrative record, and Plaintiff has not shown a basis for remand.

I.  BACKGROUND

On December 12, 2019, Plaintiff filed applications for DIB and SSI alleging disability beginning April 30, 2018, when she was forty-two years of age, due to blind or low vision, musculoskeletal issues, carpal tunnel syndrome in both hands, arthritis in left ankle and other parts of the body, neuropathy, migraines, bipolar disorder, depression, and posttraumatic stress disorder (PTSD). [6] at 61-62. After Plaintiff's applications were denied initially and upon reconsideration, she requested a hearing before an administrative law judge (ALJ) and agreed to a telephone hearing which was held on March 24, 2021. *Id.* at 30-59. Plaintiff and a vocational expert testified. Plaintiff was represented by counsel during the hearing.

On April 21, 2021, the ALJ issued a decision unfavorable to Plaintiff, finding that she suffered from the following severe impairments: "degenerative joint disease, left ankle." *Id.* at 15-24. The ALJ determined that the record did not support a severe spine impairment. *Id.* at 18. The ALJ concluded that Plaintiff's carpal tunnel syndrome, depressive disorder, anxiety disorder, and PTSD were not severe impairments. *Id.* The ALJ found that Plaintiff was limited to less than the full range of light work, with the residual functional capacity

> to lift and carry a maximum of 20 pounds occasionally. She can lift and carry a maximum of ten pounds frequently. She can stand and walk up to six hours out of an eight hour workday. She can sit for up to six hours out of an eight hour workday. She can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. 20 C.F.R. 404.1567(c) and 416.967(c).

*Id.* at 20.

The ALJ proposed hypotheticals to the vocational expert, and relying on the vocational expert's responses, concluded that Plaintiff was "capable of performing past relevant work as a safety coordinator, office manager, and navigator" and alternatively could perform other jobs existing in significant numbers in the national economy such as office helper, bench assembler, and marker. *Id*. at 22-23. The Appeals Council denied Plaintiff's request for review on August 21, 2021, making the ALJ's decision the final decision of the Commissioner.

On judicial review, Plaintiff was ordered to provide a brief that contained a statement of the exact issues presented for review, a statement of the case, and an argument with citations to the federal court record. [8] at 1-2. Plaintiff instead provided a one-page Memorandum [10] with attachments. The Memorandum provides in full:

> To whom it may concern:
>
> If it would please the court, I would first like to address the previous dates for filing more documentation. I never received any documents from this court after August, with exception to a letter dated November 1, 2022 stating that my case was moved to a different Magistrate. Friday last week I finally received a document that was filed with the court on October 24, 2022. I never received any of the dates that needed a response. It is because of this that I feel the case shouldn't be dismissed.
>
> I'm filing several pages from each of my doctors, and if my entire medical chart is needed, I can get a link for whomever would like to see it.
>
> I am no lawyer, and I have no lawyer, so please, I'm doing the best I can through this process and I hope you can bear with me.
>
> Respectfully,
>
> Barbara J Brown-Summers

[10] at 1.

Attachments [10-1] through [10-14] to Plaintiff's Memorandum, excluding Attachments [10-8] and [10-9], consist of internet profiles of Plaintiff's treating physicians and medical records postdating the ALJ's April 21, 2021 decision. The medical records postdating the ALJ's decision were generated on October 5, 2021; January 19, 2022; July 7, 2022; and October 4, 2022. One attachment is a letter dated November 8, 2022 from Blake Douglas Bryant, M.D. [10-5]. Dr. Bryant writes that Plaintiff is a "long time patient" and opines that her conditions "add up to a disabling clinical picture." *Id.* Attachment [10-8] reflects three appointment notes from the summer of 2017, and Attachment [10-9] is a medical record reflecting Plaintiff's appointment with Dr. Bryant on December 2, 2016.

The Commissioner filed a Brief [11] in response to Plaintiff's Memorandum and attachments. The Commissioner highlighted Plaintiff's failure to follow the Court's instructions to provide a brief with a statement of the exact issues presented for review, a statement of the case, and an argument with citations to the federal court record. [11] at 2. The Commissioner presented her position that the ALJ's decision was based on substantial evidence and in accord with proper legal standards. *Id.* at 1-14. The Commissioner emphasized that the Court may not issue factual findings on new medical evidence and may review such evidence only to determine if remand to the Commissioner is appropriate. *Id.* at 14-15. The Commissioner argued that remand was not appropriate because the evidence offered by Plaintiff was not relevant to the adjudicatory period of April 30, 2018 (the alleged onset of disability date) through April 21, 2021 (the date of the ALJ's decision) because it either

4

predated the alleged onset of disability date or postdated the ALJ's decision. *Id.* at 1-2.

One day after the Commissioner's brief was filed, the Clerk of Court received another one-page Memorandum from Plaintiff which provides in full:

> **To whom it may concern:**
>
> If it would please the court, I would add additional records of my doctor's support for this case, and attached please find a copy of my doctor's completed **MEDICAL SOURCE STATEMENT OF ABILITY TO DO WORK-RELATED ACTIVITIES (PHYSICAL)** as well as an approved **MISSISSIPPI DISABLED PARKING APPLICATION,** which has been granted.
>
> As previously stated, there are constant changes to my care, as well as additional documentation to be filed as soon as I receive them.
>
> **Respectfully,**
>
> **Barbara J Brown-Summers**

[12] at 1.

Plaintiff attached to her second, one-page Memorandum a Mississippi Disabled Parking Application dated November 16, 2022 and a Medical Source Statement completed by Dr. Bryant dated November 9, 2022. [12-1]. A Text Only Order issued informing Plaintiff that she had until December 19, 2022 to respond to the Commissioner's Brief. To date, Plaintiff has not responded to the arguments in the Commissioner's Brief.

## II. DISCUSSION

A. Standard of Review

"The Social Security Administration provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill,*

5

139 S. Ct. 1148, 1150 (2019). The federal district courts must uphold the Commissioner's decision to deny social security benefits if it is "supported by substantial evidence and . . . the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *see* 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Newton*, 209 F.3d at 452. The Court cannot "reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Id.*

B. <u>Analysis</u>

The Court's role under 42 U.S.C. § 405(g) is wholly appellate. *See Ellis v. Bowen*, 820 F.2d 682, 684 (5th Cir. 1987). The Court reviews only the administrative record, may not take new evidence, and may only remand to consider new evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Ferrari v. Astrue*, 435 F. App'x. 314 n. 3 (5th Cir. 2010); *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). Plaintiff has not attempted to demonstrate that the Commissioner's decision is unsupported by substantial evidence or that the Commissioner used improper legal standards to evaluate the

6

evidence. She also has not attempted to demonstrate that the evidence attached to her Memoranda satisfies the criteria for remand.

For new evidence to be material, there must exist the "reasonable possibility that it would have changed the outcome of the Secretary's determination." *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). It is implicit in the materiality requirement that "the new evidence must relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985); *see Thomas v. Colvin*, 587 F. App'x 162, 165 n.30 (5th Cir. 2014); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994). "Although a subsequent deterioration may form the basis for a new claim, to remand the case for that reason alone would be inconsistent with the principles of appellate review." *Salazar v. Chater*, 74 F.3d 1236 (5th Cir. 1995) (citing *Johnson,* 767 F.2d at 183).

The medical records attached to Plaintiff's Memoranda are not material because they speak to Plaintiff's condition and treatment either before the alleged onset of disability date or after the date of the ALJ's decision. They do not relate to the period for which benefits were denied – namely, the period of April 30, 2018 (the alleged onset of disability date) through April 21, 2021 (the date of the ALJ's decision). *See Ferrari,* 435 F. App'x. at 314-15 (finding remand unwarranted where medical source functional report was rendered eight months after the ALJ hearing and did not relate to claimant's condition at the time of the application or hearing); *Hunt v. Barnhart,*

7

159 F. App'x 569 (5th Cir. 2005) (new medical reports related to condition after the period for which benefits were denied failed to meet the materiality requirement for remand). As for any offered documents in existence at the time of the administrative proceedings that are not contained in the administrative record, Plaintiff has not attempted to demonstrate good cause for their failure to be incorporated into the administrative record. *See Bradley*, 809 F.2d at 1058.

### III. RECOMMENDATION

The Commissioner's decision should be affirmed, remand denied, and the Complaint [1] dismissed with prejudice.

### IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy, any party may serve and file with the Clerk of Court written objections to this Report and Recommendation. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection. L.U.Civ.R. 72(a)(3).

A district judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED,** this the 10th day of January, 2022.

*s/ Bradley W. Rath*

HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE